UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORMAN T. STULL,

                            Plaintiff

                                                            ORDER

-vs-

                                                            13-CV-6114  CJS

ELMIRA BASEBALL UMPIRES ORGANIZATION
(ASSOCIATION) PRESIDENT NICHOLAS MELE,

                            Defendant
_____

## INTRODUCTION

Now before the Court is Plaintiff's motion for default judgment, Docket No. [#7].  The

application is denied.

## BACKGROUND

On February 27, 2013, Norman T. Stull ("Plaintiff"), who formerly performed work for

the Elmira Baseball Umpires Organization and Nicholas Mele ("Defendants"), commenced

this action, proceeding *pro se*, alleging employment discrimination under several federal anti-

discrimination statutes.  On March 10, 2013, Plaintiff served Defendants with a Summons

and Complaint.  On April 17, 2013, the Court granted Defendants until May 10, 2013, to

answer or move against the Complaint.

On or about April 15, 2013, Defendants timely served an Answer on Plaintiff.  The

Answer maintains, *inter alia*, that Plaintiff's claims lack merit because he was an independent

contractor, not an employee, and because Defendants never employed the requisite number

of employees to subject them to the jurisdiction of the anti-discrimination statutes being sued

upon.  However, Defendants did not file the Answer with the Court.  On May 10, 2013,

Plaintiff filed a "rebuttal" to the Answer.

On June 3, 2013, Plaintiff filed a motion (Docket No. [#7]), "[d]emand[ing] judgment against defendants by default for failure to provide the court with an answer to plaintiff's complaint in a timely manner." Specifically, Plaintiff asked the Court to award him various relief, including lost earnings, costs and punitive damages. *Id.*

On June 6, 2013, Defendants filed the Answer, which they had previously served on Plaintiff. There was a fifty-two-day delay between such service and such filing.

On June 7, 2013, Defendants filed their opposition [#9] to Plaintiff's motion for default judgment. Defendants maintain that they are not actually in default, since they served a timely Answer on Plaintiff. Defendants further contend that, although they did not immediately file the Answer, they did file it "within a reasonable time after service," as required by Rule 5(d)(1) of the Federal Rules of Civil Procedure ("FRCP").

## DISCUSSION

Plaintiff has requested default judgment against Defendants, pursuant to FRCP 55(b). However, Plaintiff has not met the procedural requirements for such relief. Specifically, Plaintiff never requested Clerk's entry of default against Defendants before moving for default judgment. *See, Perkins v. Napoli*, No. 08-CV-6248 CJS, 2010 WL 455475 at *1 (W.D.N.Y. Feb. 4, 2010) ("[E]ntry of a party's default pursuant to Fed.R.Civ.P. 55(a) is a mandatory prerequisite for entry of a default judgment pursuant to Fed.R.Civ.P. 55(b).") (citation omitted).

Moreover, even if Plaintiff had obtained Clerk's entry of default, the Court would vacate such entry and excuse the default,[1] based on Defendants' response, which the Court

---

[1] The Court assumes, without deciding, that under the circumstances presented here, a 52-day delay in filing the Answer was not "reasonable" within the meaning of FRCP 5(d)(1).

construes as a request to set aside the default, pursuant to FRCP 55(c). In that regard, it is well settled that, following an entry of default, the defaulting party may move to set aside the entry for "good cause." Fed.R.Civ.P. 55(c). Because the rules do not themselves define "good cause," the Second Circuit has established three factors for determining whether to relieve a party from default, or from a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993). Other factors may also be considered, such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. District courts have discretion in evaluating these factors, but defaults are generally disfavored and doubts should be resolved in favor of a trial on the merits. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981). Moreover, courts should impose a less stringent standard upon the defaulting party when it seeks to vacate an entry of default rather than a default judgment. *Id*. at 276.

As for the first of these factors, "[t]he Second Circuit has held that a finding of willfulness is properly based on egregious or deliberate conduct." *Dengal v. Dearden*, 06-CV-6279, 2007 WL 475317 (W.D.N.Y. Feb. 9, 2007) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). In this case, it does not appear that Defendants' conduct was egregious or deliberate. Instead, it appears that the failure to file the Answer was accidental, and related to the fact that the *pro se* Plaintiff is not registered to use the Court's Electronic Filing System. *See*, Affirmation of Richard Lilling, Esq., Docket No. [#9] at ¶ 7.

As for the second factor, the Court finds that vacating entry of default would not prejudice Plaintiff. On this point, Defendant timely served Plaintiff with an Answer, and the

default upon which Plaintiff seeks to capitalize is technical in nature. On the other hand, Defendants would be greatly prejudiced if they were prevented from defending this action on the merits.

As for the third factor, the Court finds that Defendants have proffered a potentially meritorious defense. In that regard, it appears from Plaintiff's Complaint that both the New York State Division of Human Rights ("NYSDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's administrative complaints for lack of jurisdiction.

Considering all of these factors, the Court finds that it is appropriate to set aside Defendants' default pursuant to FRCP 55(c).

CONCLUSION

For all the foregoing reasons, Plaintiff's motion for default judgment [#7] is denied and Defendants' default in filing the Answer is excused. By separate order the Court will refer this action to a United States Magistrate Judge, who will conduct a Rule 16 scheduling conference and oversee all other non-dispositive pretrial matters.

SO ORDERED.

Dated:      Rochester, New York
            July 15 , 2013

ENTER:


 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge